# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 12-0509** (Mineral County 07-F-71)

**Tracy Wolfinbarger,**
**Defendant Below, Petitioner**

**FILED**

May 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Tracy Wolfinbarger, *pro se*, appeals the order of the Circuit Court of Mineral County, entered April 10, 2012, denying his motion for resentencing for appeal purposes. The State, by counsel the Office of the Attorney General, filed a summary response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2007, petitioner was indicted on three counts of first degree sexual abuse, two counts of first degree sexual assault, and five counts of sexual abuse by a custodian. The offenses charged involved two victims, D.W. and A.I.,[1] both females under the age of eleven. Subsequently, the petitioner was indicted on six counts of failure to register as a sex offender, and four counts of soliciting a minor via computer.

Petitioner entered a plea of guilty to one count of first degree sexual abuse and two counts of sexual abuse by a custodian. The remaining counts were dismissed. In June of 2008, petitioner was sentenced to consecutive terms of ten to twenty years imprisonment on each of the two counts of sexual abuse by a custodian, and five to twenty-five years imprisonment on the count of first degree sexual abuse.

On March 21, 2012, the petitioner filed a motion for resentencing so that he could perfect a direct appeal. The circuit court denied the motion for resentencing, and held:

---

[1] In view of the sensitive nature of this case, this Court will refer to certain individuals by their initials or first name and last initial. *Clifford K. v. Paul*, 217 W.Va. 625, 630 n.1, 619 S.E.2d 138, 143 n.1 (2005).

1

[Petitioner's] points of law are sound; however, the majority of [his] points of law focus on appeals of trials, rather than an appeal of guilty pleas; appeals of trials and appeals of guilty pleas are two different procedural entities. [Petitioner] cited *State v. Sims*, [162 W.Va. 212, 248 S.E.2d 834 (1978)] for the point of law that a defendant can appeal a guilty plea upon the issues of voluntariness of the plea or the legality of the sentence. In fact, this was *Sims'* holding; however, *Sims* also stated, "An appeal ordinarily does not lie in a criminal case from a judgment or conviction rendered upon a plea of guilty." *Id.* at 837. The *Sims* court then went on to carve out two exceptions to this rule: (1) voluntariness of the guilty plea and (2) legality of the sentence, which includes jurisdiction. *See Id.* at 837. Thus, [petitioner] could appeal his guilty plea only upon the grounds of voluntariness of his guilty plea or the legality of his sentence.

[Petitioner], though, makes no such arguments in his Motion that his plea was either involuntary or illegal. In fact, [petitioner], at his June 16, 2008, sentencing, freely admitted that his guilty plea was voluntary and that the crimes he committed took place within Mineral County. Further, the Court informed the [petitioner] of his sentence, which was legal, and the [petitioner] freely admitted again that he was aware of the penalties that he was facing. In other words, the [petitioner's] appeal grounds are without merit because he stated under oath in open court that his plea was voluntary and that he committed these crimes in Mineral County. Further, his sentences were legal, and the exchange above shows that [petitioner] had full knowledge of his sentences. As such, [petitioner's] appeal grounds are/were without merit. (Footnotes omitted).

On appeal, petitioner maintains that he has a constitutional right to appeal his conviction following his guilty plea. He also asserts the circuit court erred by focusing on the substance of his appellate arguments rather than the process of obtaining his right to appeal.

The State responds that this Court's precedent is fully consistent with the circuit court's advice to petitioner at the time he entered his plea. Since the grounds that petitioner wishes to assert on appeal do not fall within the narrow range of grounds available to him, resentencing for purposes of restarting the appeal clock would be a meaningless exercise and a waste of judicial resources.

We note the following standard of review regarding a circuit court's findings that entail application of law:

"Generally, findings of fact are reviewed [by this Court] for clear error and conclusions of law are reviewed *de novo*. However, ostensible findings of fact, which entail the application of law or constitute legal judgments which transcend ordinary factual determinations, must be reviewed *de novo*." Syl. Pt. 1, in part, *State ex rel. Cooper v. Caperton,* 196 W.Va. 208, 470 S.E.2d 162 (1996).

Syl. Pt. 1, *State v. Rush*, 219 W.Va. 717, 639 S.E.2d 809 (2006). After careful consideration, we find that the circuit court did not commit error by refusing the motion for resentencing for the purpose of appeal.

2

It is well-established law in our State that a criminal defendant has the right to petition for an appeal of his conviction. Furthermore, the right to appeal cannot be destroyed by counsel's failure to perfect an appeal. Syl. Pt. 8, *Rhodes v. Leverette*, 160 W.Va. 781, 239 S.E.2d 136 (1977). Nevertheless, "[a]n appeal ordinarily does not lie in a criminal case from a judgment or conviction rendered upon a plea of guilty." *State v. Sims,* 162 W.Va. 212, 215, 248 S.E.2d 834, 837 (1978).

The record reflects that the petitioner was specifically advised during his plea hearing that entry of a guilty plea left him with limited grounds for appeal. In syllabus point one of *Sims*, we held that: "[a] direct appeal from a criminal conviction based on a guilty plea will lie where an issue is raised as to the voluntariness of the guilty plea or the legality of the sentence." *Id.*

In his appeal to this Court, petitioner does not specifically state what ground(s) he would raise if he were provided an opportunity to perfect a direct appeal. However, we note that he does not claim that his guilty plea was involuntary. To the contrary, the record supports the circuit court's finding that petitioner's plea was voluntary.[2] Furthermore, petitioner does not challenge the jurisdiction of the court or the legality of the sentence. Therefore, petitioner does not raise any ground available to him on appeal. Accordingly, we find no compelling reason to reverse the decision of the circuit court.

For the foregoing reasons, we affirm.

---

[2]It is clear from the transcript of the plea hearing that the circuit court conducted a thorough inquiry to establish that petitioner entered into the guilty plea knowingly and voluntarily:

THE COURT:    Has anybody used any type of threat, pressure, influence or intimidation or anything else on you to get you to plead guilty?

MR. WOLFINBARGER:    No, sir.

THE COURT:    You are telling me you are pleading guilty freely and voluntarily and with knowledge of the consequences?

MR. WOLFINBARGER:    Yes, sir.

THE COURT:    And you understand the consequences to be five to twenty-five and two tens to twenty, all three consecutive?

MR. WOLFINBARGER:    Yes, sir.

THE COURT:    And do you understand that this court can only try cases in Mineral County and you know that this occurred in Mineral County?

MR. WOLFINBARGER:    Yes, sir, I do.

3

Affirmed.

**ISSUED:**  May 17, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II